IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORI DUGAS-FILIPPI and ROBERT FILIPPI | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 10 C 2023 |
| | ) | |
| v. | ) | Hon. Judge John Z. Lee |
| | ) | |
| JP MORGAN CHASE & CO., | ) | Magistrate Judge Mary Rowland |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This wrongful termination case was brought by Plaintiffs Dori Dugas-Filippi and Robert Filippi ("Plaintiffs") over Dugas-Filippi's termination from her position as an executive assistant at Defendant JP Morgan Chase & Co. ("Defendant"). At a settlement conference between the parties, a dispute arose as to whether Dugas-Filippi could be awarded damages in the form of "front pay" based upon her claim of promissory estoppel. By Minute Order dated December 21, 2012, the Court directed the parties, pursuant to Fed. R. Civ. P. 16, to "brief the issue of the availability of front pay in this case," and further instructed that "[s]olely for the purpose of this motion, the parties are to assume (1) that the facts as stated by Plaintiffs in their depositions are true, (2) that any credibility determinations that need to be made with respect to witnesses with conflicting testimony are made in favor of Plaintiffs, and (3) all reasonable inferences from the record are drawn in favor of Plaintiffs." (Dkt. 115.)

Given the scope of that Order, the Court does not address the question of whether Plaintiffs would prevail on their promissory estoppel claim. The Court addresses only the narrow issue of whether front pay is available as a remedy for a promissory estoppel claim under Illinois law. Although the Illinois Supreme Court has not spoken as to the issue, the Court

concludes that Illinois law would not foreclose a plaintiff from seeking "front pay" as part of the relief sought for a promissory estoppel claim.

## DISCUSSION

The crux of Plaintiffs' promissory estoppel claim is their contention that Dugas-Filippi was promised by her supervisor that she would not be terminated for taking an "agreed upon paid leave of absence." (Am. Compl. ¶ 31.) After Dugas-Filippi returned from her paid leave, she was informed by Defendant that she had to pay back the wages she received during her leave or face termination. She refused and was consequently terminated. As part of their promissory estoppel claim, Plaintiffs seek "front pay" (*i.e.,* the future earnings she would have received if she had been allowed to remain in her position). Defendant argues that front pay is not available, as a matter of law, for promissory estoppel claims under Illinois law. The Court disagrees.

Under Illinois law, promissory estoppel is an offensive, equitable cause of action frequently asserted by a party as an alternative to a breach of contract claim. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 524, 528 (Ill. 2009). As the Illinois Supreme Court has explained, the doctrine of promissory estoppel "has been incorporated into the Restatement (Second) of Contracts as section 90," and "provides, in relevant part," that: "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." *Id.* at 523. Plaintiffs pressing wrongful termination claims in Illinois have been permitted to seek recovery on the basis of promissory estoppel. *See Janda v. U.S. Cellular Corp.*, 961 N.E.2d 425, 444 (Ill. App. Ct. 2011). The Seventh Circuit also has

recognized promissory estoppel as an available cause of action in the employment termination setting. *See Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 676-77 (7th Cir. 2005).

Turning to the issue of damages, "promissory estoppel can be used as the basis of a cause of action for damages." *Newton*, 906 N.E.2d at 526 (quoting 28 Am. Jur. 2d *Estoppel & Waiver* § 35, 465 (2000)). Illinois courts have held that in assessing what damages may be available damages under a promissory estoppel theory, courts should "avoid[]" any "[m]echanical or rule of thumb approaches to the damage problem." *Gerson Elec. Constr. Co. v. Honeywell, Inc.*, 453 N.E.2d 726, 728 (Ill. App. Ct. 1983) (internal citations omitted) (allowing plaintiff to seek lost profits as damages for promissory estoppel claim). However, "[a]lthough the Restatement indicates that 'full-scale enforcement by normal remedies is often appropriate,' it also contemplates partial enforcement. Thus, courts may appropriately limit relief to only those damages suffered as a result of justifiably relying on the other party's promise." *Newton*, 906 N.E.2d at 527 (quoting Restatement (Second) of Contracts §349, Comment *b*; §90, Comment *d* (1981)). Thus, a court faced with a promissory estoppel claim to be decided under Illinois law has the discretion to allow a plaintiff to seek broad and varied forms of relief, or to limit the relief sought to reliance damages only as equity requires.

Here, Plaintiffs ask for "front pay" as part of their promissory estoppel claim. Front pay is an equitable remedy, *see Miles v. Indiana*, 387 F.3d 591, 601 (7th Cir. 2004), which "is designed to place the plaintiff 'in the identical financial position that he would have occupied had he been reinstated.'" *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 862 (7th Cir. 2001) (quoting *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1231 (7th Cir. 1995)). In other words, "[f]ront pay" is a form of expectation damages 'commonly defined as 'future earnings.'" *Conway v. Hercules, Inc.*, 831 F. Supp. 354, 357 (D. Del. 1993).

3

The parties have not provided any Illinois Supreme Court authority as to whether "front pay" is available as a form of damages for a promissory estoppel claim in the employment termination context, nor has the Court found any. Thus, the Court, sitting in diversity, must decide what it believes the Illinois Supreme Court would do under these circumstances. *Taco Bell Corp. v. Continental Cas. Corp.*, 388 F.3d 1069, 1077 (7th Cir. 2004). In so doing, the Court is to consider any relevant decisions issued by Illinois appellate courts, *id.*, and when confronted with an issue of first impression, the Court may also "look to the decisions of . . . other state courts for guidance." *Bajwa v. Metro. Life Ins. Co.*, 776 N.E.2d 609, 615 (Ill. App. Ct. 2002).

Although no Illinois court has addressed the availability of front pay in the context of a promissory estoppel claim arising out of an employment dispute, the Illinois Appellate Court has allowed parties to seek future or expectation damages in connection with a promissory estoppel claim generally. *See Goldstick v. ICM Realty,* 788 F.2d 456, 463-64 (7th Cir. 1986) (noting that "the Illinois Appellate Court held that a plaintiff in a promissory estoppel case could recover damages for the profits he would have made had the defendant kept his promise-provided such an award was necessary to do justice to the plaintiff"); *Gold v. Dubish*, 549 N.E.2d 660, 666 (Ill. Ct. App. 1989) ("an award of damages based on lost profits may be appropriate in a promissory estoppel case when such an award is necessary in order to do complete justice"); *Gerson*, 453 N.E.2d at 728 (permitting a plaintiff to seek expectation damages in the form of lost profits in connection with his promissory estoppel claim).

It is worth noting that the laws of our neighboring states in this Circuit are split on the issue of whether expectation damages are recoverable for a promissory estoppel claim. Wisconsin law allows expectation damages as a remedy for promissory estoppel*, see Cosgrove v.*

*Bartolotta*, 150 F.3d 729, 734 (7th Cir. 1998) (Posner, J.) (citing *Kramer v. Alpine Valley Resort, Inc.*, 321 N.W.2d 293, 294 (Wis. 1982)). Indiana is less sanguine about this proposition. *See Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 121 (Ind. 1994) ("Indiana courts have recognized a limited application of the doctrine of promissory estoppel in claims for damages resulting from a plaintiff's detrimental reliance on a defendant's promise of employment"); *D&G Stout, Inc. v. Bacardi Imports, Inc.*, 923 F.2d 566, 569 (7th Cir. 1991) ("the line Indiana draws is between expectation damages and reliance damages . . . Indiana will not grant relief based on promissory estoppel to compensate an aggrieved party for . . . expectancy damages."); *but see Burton v. GMC*, No. 1:95-cv-1054-DFH-TAB, 2008 U.S. Dist. LEXIS 62758, at *61 (S.D. Ind. Aug. 15, 2008) (Hamilton, J.) ("There is no simple answer to the question of what type of damages are appropriate as a remedy for promissory estoppel. The court concludes that under federal common law, the court and/or the jury has the discretion to fashion the remedy needed to avoid injustice based on a promissory estoppel claim, which can include either expectation damages or reliance damages. Indiana law is essentially the same in a case like this.").

Courts in other states also are of varying minds. In the most recent opinion on this topic, Judge Bryant of the District of Connecticut concluded that front pay was an available, albeit discretionary, remedy for a promissory estoppel claim. *Ridgeway v. Royal Bank of Scot. Group*, 2013 U.S. Dist. LEXIS 67822, at **7-8 (D. Conn. May 13, 2013); *see also Burton*, 2008 U.S. Dist. LEXIS 62758, at **63-64 n.8 (noting that courts in Connecticut, Minnesota, New Hampshire, Ohio and Wisconsin have found "that courts have the discretion to award expectation damages or reliance damages for promissory estoppel claims."); *Ritchie v. Mich. Consol. Gas Co.*, 413 N.W.2d 796, 803-04 (Mich. Ct. App. 1987) ("future damages in the way of

front pay are permissible" in "some cases of wrongful discharge"). However, courts in states such as Alabama and Wyoming generally have limited available damages on a promissory estoppel claim to reliance damages only. *See*, *e.g.*, *Wyatt v. BellSouth, Inc.*, 18 F. Supp. 2d 1324, 1327 (M.D. Ala. 1998) (under Alabama law, "reliance damages are the appropriate measure of damages for a promissory estoppel claim"); *Wilder v. Cody Country Chamber of Commerce*, 933 P.2d 1098, 1107 (Wyo. 1997) (striking award of lost profits for promissory estoppel claim).

Stepping into the breach, the Seventh Circuit shed additional light on this issue in *Garwood Packaging, Inc. v. Allen & Co., Inc*., 378 F.3d 698, 703 (7th Cir. 2004). Although the case involved Indiana law, Judge Posner addressed more generally the distinction between reliance and expectation damages in the promissory estoppel context. He first quoted a Nebraska court as stating, "The usual measure of damages under a theory of promissory estoppel is the loss incurred by the promisee in reasonable reliance on the promise, or reliance damages. Reliance damages are relatively easy to determine, whereas the determination of expectation or benefit of the bargain damages available in a contract action requires more detailed proof of the terms of the contract." *Id.* To this, Judge Posner observed:

> The only problem with this explanation is that its premise is mistaken; if the promise giving rise to an estoppel is clear, the plaintiff will usually be awarded its value, which would be the equivalent of the expectation measure of damages in an ordinary breach of contract case. *Goldstick v. ICM Realty*, 788 F.2d 456, 463-64 (7th Cir. 1986) [construing Illinois law]; *Restatement*, *supra*, § 90 comment d. The rationale in both cases is that the benefit of the contract to the promisee is a good proxy for the opportunities that he forewent in making the contract. *Walters v. Marathon Oil Co.*, 642 F.2d 1098, 1100-01 (7th Cir. 1981); L.L. Fuller & William R. Perdue, Jr., "The Reliance Interest in Contract Damages: 1," 46 *Yale L.J.* 52, 60 (1936). Of course, if the promise is unclear, damages will be limited to expenses incurred in reasonable reliance on the vague promise, *First National Bank of Logansport v. Logan Mfg. Co.*, *supra*, 577 N.E.2d at 952, 955-56, but that would be equally true in a breach of contract case in which the promise that the defendant had broken was unclear.

*Id.* (internal quotations omitted). Under this reasoning, if the broken promise is found to have been a clear one, the party who reasonably relied upon the promise would be entitled to expectation damages. *See also Goldstick,* 788 F.2d at 463 (stating, in dictum, "[c]onsistently with our leanings, the Restatement of Contracts implies, if somewhat unclearly, that the value of the promise is the presumptive measure of damages for promissory estoppel, to be rejected only if awarding so much would be inequitable.").

The fact that the Illinois Appellate Court has found expectation damages to be an available remedy for a promissory estoppel claim, coupled with the broad discretion bestowed upon Illinois courts sitting in equity to fashion just remedies and Judge Posner's sound reasoning in *Garwood Packaging*, lead the Court to conclude that the Illinois Supreme Court would not categorically prohibit the recovery of front pay in wrongful termination cases where a plaintiff asserts a claim of promissory estoppel to the extent that equity so demands. Here, Plaintiffs contend that Dugas-Filippi had been promised by her boss (acting, presumably, as an agent of Defendant) that she could take a paid leave of absence and that she would not be terminated as a result of her doing so. According to Plaintiffs, she relied upon that promise and was later terminated for it. Whether Plaintiffs ultimately will prevail on their promissory estoppel claim is not before the Court at this time. For present purposes, it is sufficient to hold that Illinois law does not foreclose Plaintiffs from pursuing front pay as part of their promissory estoppel claim.

## **Conclusion**

For the reasons set forth above, the Court finds that Plaintiffs may seek expectation damages in the form of "front pay" in connection with their promissory estoppel claim. Such damages will only be awarded if Plaintiffs can satisfy the necessary elements of a promissory estoppel claim, the damages requested are supported by the evidence, and the principles of equity so demand. To be clear, the Court makes no determination at this time as to the merits of this claim. The Court merely holds that it will not preclude Plaintiffs from seeking expectation damages in the form of "front pay" at this stage of the litigation as part of its promissory estoppel claim. Accordingly, Plaintiffs' Rule 16 Motion for Ruling that "Front Pay" is Available for Promissory Estoppel [117] is granted.

**SO ORDERED**                                             ENTER: 9/12/13

_____
**JOHN Z. LEE**
**U.S. District Judge**